IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DR. GREGORY A. STIVER, D.D.S. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:10-cv-02134-JWL-DJW |
| | ) | |
| COUSIN CORP. OF AMERICA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed.R.Civ.P. 26(c) and being advised of the agreement of the parties, the Court enters this Protective Order.

1.      The Court enters this Protective Order for good cause and in order to prevent annoyance, embarrassment, oppression, and/or undue burden and expense in that both Defendant Cousin Corporation of America and the two Wal-Mart Defendants may have certain documents or information which constitute trade secret or other confidential research, development, or commercial information.  Additionally, Plaintiff Dr. Stiver may also be required to produce financial information of a personal nature and which may be commercially sensitive within his profession, such that its dissemination could damage his business.

2.      Documents and materials to be produced by the parties in this litigation that the producing party, in good faith, believes constitutes, contains or depicts confidential or proprietary research, development, commercial or business information, personnel information, policies and procedures, training materials, or trade secret information, contemplated by Fed.R.Civ.P. 26(c) and the authority construing it, may be designated as Protected Documents. The parties shall designate materials in a manner that does not cover or otherwise obscure any of

the content of such materials (e.g., documents shall be stamped or labeled at the top or bottom margins of the page whenever possible, but not over text). When used in this Order, the word "documents" means all written material, video tapes, electronically stored information and all other tangible items. Except as otherwise indicated in this order, documents designated by the parties as Protected Documents shall be given confidential treatment as set forth below and will be referred to as "protected documents." The parties may also designate documents that have already been produced to another party in this litigation as protected by filing a motion that said documents, to be identified by Bates numbers, are believed, in good faith, to be protected under this Order.

3.       Protected Documents shall not include (a) advertising materials, or (b) materials that have been published or made publicly available.

4.       The burden of proving that a Protected Document contains confidential or trade secret information, development, or commercial information as contemplated by Rule 26(c) and the authority construing it, is on the party seeking the protection of this Order. Prior to designating any material as a Protected Document, the party's counsel must make a good faith determination that the material is, in fact, a trade secret or other confidential information, the dissemination of which would significantly damage the party's business or violate a privacy interest in personal financial data. If the opposing party believes any designation of any material as a Protected Document is not warranted, that party's counsel will notify counsel for the producing party in writing. Within thirty (30) days of the date of any such written notice, the parties shall, in good faith, confer about the challenge and attempt to informally resolve the challenge. If the parties are unsuccessful in attempting to informally resolve the challenge, no later than thirty (30) days after the date of the written notice, the party seeking protection under

this Order shall file a Motion for Protective Order pursuant to Rule 26(c) for the purpose of determining whether the challenged documents are entitled to the protection of this Order. The party seeking protection shall have the burden of establishing its claims of confidentiality for the documents at issue in any such motion. Any document designated as a Protected Document shall remain protected by this Order until such time, if ever, as the Court renders a decision that any protected information shall not be covered by the terms of the Order and all appeals and proceedings challenging such decision shall have been concluded. If no Motion for Protective Order is filed within thirty (30) days of the date of any written notice made pursuant to this paragraph, if the Motion is withdrawn, or if it is overruled by the Court, the documents challenged in the written notice shall no longer be protected by this Order and the opposing party may redact any stamped "Protected" designation.

5. The Protected Documents and the information contained therein shall be treated as confidential. Except upon the prior written consent of the parties or upon further Order of this Court, the Protected Documents or information contained therein may be shown, disseminated or disclosed only to the following persons:

(a) Counsel of record in this case, including other members and employees of counsel's law firm and any other counsel of record associated to assist in the preparation or trial of this case;

(b) The parties and their representatives and insurers;

(c) Experts and consultants retained by the parties for the preparation or trial of this case; and

(d)     The Court, the Court's staff, witnesses and the jury in this case.

6.     Before giving access to any of the Protected Documents or the information contained therein, each person described in paragraph 5(b) and 5(c) above shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree to be bound by its terms by signing the Agreement attached to this Order as Exhibit 1.

7.     Upon conclusion of this action, all *original* Protected Documents shall be returned to counsel producing the Protected Documents. All *copies* of Protected Documents that are provided to experts or consultants during the course of this litigation shall be destroyed or returned to the counsel who originally provided the expert with Protected Documents, along with an affidavit from each such expert or consultant stating that all copies of such materials have been destroyed or returned. An attorney for a non-producing party may keep a copy of Protected Documents after the conclusion of the case, for purposes of complying with Missouri Rule of Professional Conduct 4-1.15. With respect to such documents, all counsel shall remain bound by the terms of this Order even after the conclusion of the litigation.

8.     To the extent that any Protected Documents or information contained therein are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Order and such documents, if used as exhibits in the taking of depositions, shall be withdrawn as exhibits.

9.     This Protective Order shall not apply to the disclosure of Protected Documents or the information contained therein at the time of trial or court hearing, through the receipt of Protected Documents into evidence, or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involve complex constitutional questions that are

not presently before the Court. These issues may be taken up as a separate matter, on a case-by-case basis upon the motion of any of the parties at trial or shortly before trial. Any motions or pleadings filed during the course of this litigation containing Protected Documents shall be filed under seal in accordance with Administrative Procedure II.J, which requires that the filing party first file a motion seeking leave to file documents under seal and be granted leave to file documents under seal.

10.    The parties acknowledge that, while each party is making an effort to identify and promptly produce a detailed privilege log concerning each and every document which that party believes is privileged, given the volume and nature of material being exchanged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, in the event of an inadvertent production:

A party who produces any privileged document without intending to waive the claim of privilege associated with such document may, within ten days after the producing party actually discovers that such inadvertent production occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld as privileged, as well as provide the other party a detailed privilege log setting forth the basis for the privilege(s) being asserted. Once the producing party provides such notice to the requesting party, the requesting party will then sequester the specified document and any copies thereof until such time as the applicability of any asserted privilege(s) is determined either by agreement of the parties or by the Court upon proper motion. By complying with this obligation, the requesting party does not waive any right it has to challenge the assertion of privilege and request an order of the Court denying such privilege.

11.     This Order shall be binding upon the parties hereto and their attorneys, and any non-parties which have agreed to be bound by the terms of this Protective Order by signing the Agreement attached to this Order as Exhibit 1.  Any dispute which arises as to the application of this Order shall be resolved in accordance with applicable federal law.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas this 19th day of November 2010.

s/David J. Waxse
David J. Waxse
U.S. Magistrate Judge

Agreed and Approved by:

DOUTHIT, FRETS, ROUSE, GENTILE & RHODES, LLC

/s/ Benjamin C. Fields
Benjamin C. Fields              KS #22209
903 E. 104th Street, Suite 610
Kansas City, Missouri  64131
Telephone:  (816) 941-7600
ATTORNEYS FOR PLAINTIFF

and

BROWN & JAMES, P.C.

/s/ David R. Buchanan
David R. Buchanan              KS #13034
1100 Main Street, Suite 1900
Kansas City, Missouri  64105
Telephone:  (816) 472-0800
ATTORNEYS FOR DEFENDANTS

**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **DR. GREGORY STIVER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 10-CV-2134** |
| **v.** | ) | |
| | ) | |
| **COUSIN CORPORATION OF** | ) | |
| **AMERICA, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ACKNOWLEDGMENT OF TERMS OF PROTECTIVE ORDER**

The undersigned hereby acknowledges that [he/she] has read and agrees to be bound by

the terms of the Protective Order entered in the above-captioned matter.  The undersigned agrees

that [he/she] will not reveal any information designated as Protected and will not use any

Protected information for any purpose other than for the prosecution of the lawsuit described

above.

_____
Date

_____
Signature

_____
Printed Name

_____
Title

_____
Address